

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

WILLIAM H. MENDENHALL,

    Plaintiff,

v.

JOHN IRETON,

    Defendant.

Case No. 3AN-20-4986 CI

## COMPLAINT

COMES NOW, the plaintiff, WILLIAM H. MENDENHALL, by and through his attorney, CHARLES W. COE, to state and allege the following as his causes of action for this complaint:

I

Plaintiff, WILLIAM H. MENDENHALL, is a resident of Alaska, residing in Eagle River, Alaska.

II

Defendant, JOHN IRETON, was residing in the Third Judicial District at the time of the incident.

III

All events relevant to the cause of action of this complaint occurred in the state of Alaska, Third Judicial District.

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

## IV

On or about July 27, 2018, plaintiff was visiting a patient at the Alaska Native Medical Center when he was confronted by defendant, John Ireton, a security guard. Defendant assaulted and battered the plaintiff by throwing him to the floor, detaining him, intentionally inflicted pain, and causing injuries to the plaintiff.

## V

As a result of defendant's actions plaintiff suffered the injuries set forth in paragraph XVIII of this complaint.

## FIRST CAUSE OF ACTION

## VI

Plaintiff realleges and incorporates the facts and allegations of paragraph I through V into this First Cause of Action.

## VII

Defendant, John Ireton, assaulted and committed battery against the plaintiff and made false statements to the Anchorage Police, and as a direct result caused the damages set forth in paragraph XVIII of this complaint.

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

## SECOND CAUSE OF ACTION

### VIII

Plaintiff realleges and incorporates the facts and allegations of paragraph I through VII into this Second Cause of Action.

### IX

Defendant was negligent in that plaintiff was knocked to the floor by the defendant assaulted by the him, in that the defendant negligently detained the plaintiff, in that the defendant took no action to refrain from injuring the plaintiff, in intentionally inflicting pain, and in pushing the plaintiff to the floor.

### X

As a direct and proximate result of defendant's negligence plaintiff incurred the injuries set forth in paragraph XVIII of this complaint.

## THIRD CAUSE OF ACTION

### XI

Plaintiff realleges and incorporates the facts and allegations of paragraph I through X into this Third Cause of Action.

### XII

Defendant was negligent per se in that his actions violated the laws of the State of Alaska and the Municipality of Anchorage.

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

## FOURTH CAUSE OF ACTION

### XIII

Plaintiff realleges and incorporates the facts and allegations of paragraph I through XII into this Fourth Cause of Action.

### XIV

Defendant violated the plaintiff's rights under the Constitution for the state of Alaska and the United States of America by detaining the plaintiff, assaulting the plaintiff and destroying the video of the incident.

### XV

As a direct and proximate result of the violation of plaintiff's civil rights he incurred damages set forth in paragraph XVIII of this complaint.

### XVI

As a direct and proximate result of defendant's negligence per se, the plaintiff incurred damages set forth in paragraph XVIII of this complaint.

### XVII

Defendant's acts and omissions constituted willful and wanton acts with reckless disregard for the safety of others and as such, defendant is liable to the plaintiff for punitive and exemplary damages.

## XVIII

As a direct and proximate result of defendant's acts plaintiff incurred the following damages:

1. Injuries to his head, neck, throat, vocal cords, shoulders, back, and facial bruises and cuts;

2. Medical expenses in the past, present, and future;

3. Lost wages;

4. Physical and emotional pain and suffering;

5. Permanent impairment, discomfort, and the loss of enjoyment of life;

6. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the jurisdiction of the superior court;

2. Exemplary and punitive damages in a sum to be proven at trial within the jurisdiction of the superior court;

3. Costs and attorney fees; and

4. For such other relief as this court deems just and equitable.

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

DATED this 12th day of February, 2020.

                                                          CHARLES W. COE
                                                          Attorney for Plaintiff

                                                          Charles W. Coe
                                                          ABA#7804002

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

MENDENHALL V. IRETON
CASE NO.: 3AN-20_____CI
COMPLAINT

Page 6 of 6

Case 3:20-cv-00156-SLG   Document 1-1   Filed 06/29/20   Page 6 of 6