# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WILLIAM H. MENDENHALL,

    Plaintiff,

    v.

UNITED STATES,

    Defendant.

Case No. 3:20-cv-00156-SLG

## ORDER IMPOSING STAY AND GRANTING REQUEST FOR JURISDICTIONAL DISCOVERY

Before the Court at Docket 7 is Defendant United States' Motion to Dismiss for Lack of Jurisdiction. Plaintiff William H. Mendenhall responded in opposition at Docket 8. The government replied at Docket 10. Also before the Court at Docket 9 is Plaintiff's Motion to Stay Decision on Defendant's Motion to Dismiss. Defendant responded in opposition at Docket 11. Plaintiff replied at Docket 12. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

On February 13, 2020, Plaintiff initiated an action against John Ireton in the Superior Court for the State of Alaska in the Third Judicial District at Anchorage.[1] The Complaint alleges that Mr. Ireton, "a security guard" at the Alaska Native Medical Center ("ANMC"), "assaulted and battered the plaintiff by throwing him to the floor, detaining him, intentionally inflicted pain, and causing injuries to the

---

[1] Docket 1-1 (Complaint).

plaintiff."[2] Based on this alleged conduct, the Complaint pleads claims of assault and battery, negligence, negligence per se, and the violation of Plaintiff's rights under the United States and Alaska constitutions "by detaining [him], assaulting [him] and destroying the video of the incident."[3]

After reviewing the Complaint, United States Attorney Bryan Schroder certified that Mr. Ireton "is deemed to be an employee of the federal government entitled to coverage and protection within the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671–80[.]"[4] In addition, the U.S. Attorney "f[ound] and certif[ied] that at the time of the allegations at issue, John Ireton was acting within the scope of his employment with . . . ANTHC [the Alaska Native Tribal Health Consortium]."[5] Pursuant to the mandate of the FTCA, the United States then removed the action to federal court and substituted itself as the defendant on June 29, 2020.[6]

---

[2] Docket 1-1 at 2, ¶ 4.

[3] Docket 1-1 at 2–4, ¶¶ 6–17.

[4] Docket 3 at 2. Pursuant to 25 U.S.C. § 5321(d),

> for purposes of [the FTCA] . . . an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under [25 U.S.C. §§ 5321 or 5322] is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement[.]

U.S. Attorney Schroder certifies that such an agreement exists between the Department of Health and Human Services and ANTHC. Docket 3 at 2.

[5] Docket 3 at 2.

[6] *See* 28 U.S.C. § 2679(d); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743–44 (9th Cir. 1991) ("Once certification [that a federal employee was acting within the scope of

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 2 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 2 of 11

The FTCA "provides a cause of action against the federal government for 'persons injured by the tortuous activity of an employee of the United States, where the employee was acting within the scope of his office or employment.'"[7] The FTCA provides the sole remedy against federal tortfeasors acting within the scope of their employment; it is "exclusive of any other civil action or proceeding for monetary damages."[8] However, the FTCA's waiver of sovereign immunity is not absolute. The Act expressly precludes certain types of claims, including those "arising out of assault, battery, [or] false imprisonment."[9] There exists an exception for "acts or omissions of investigative or law enforcement officers of the United States Government."[10]

Further, a plaintiff seeking relief under the FTCA must first exhaust administrative remedies before pursuing his claim in federal court.[11] The FTCA's exhaustion requirement is jurisdictional and serves "to encourage administrative settlement of claims against the United States and thereby to prevent an

---

employment] is given in a civil action, [28 U.S.C. § 2679(d)] mandates both the substitution of the United States as the defendant and, if initiated in state court, the removal of the action to the United States District Court.").

[7] *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (quoting *Meridian Int'l Logistics*, 939 F.2d at 742); *see also* 28 U.S.C. § 1346(b) ("the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment").

[8] *Wilson*, 87 F.3d at 1076 (quoting 28 U.S.C. § 2679(b)(1)).

[9] 28 U.S.C. § 2680(h).

[10] *Id.*

[11] 28 U.S.C. § 2675.

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 3 of 11
Case 3:20-cv-00156-SLG Document 13 Filed 09/01/20 Page 3 of 11

unnecessary burdening of the courts."[12] Plaintiff filed an administrative claim with the Office of General Counsel at the Department of Health and Human Services against Alaska Native Medical Center related to Mr. Ireton's conduct in March, 2020.[13] The parties represent that this claim has not yet been resolved.[14]

## DISCUSSION

Defendant seeks dismissal of this action for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).[15] Defendant contends that the Court lacks jurisdiction over Mr. Mendenhall's claim for two reasons: "(1) Plaintiff failed to exhaust his administrative remedies before filing suit, and (2) regardless, the United States has not waived sovereign immunity for [Mr. Mendenhall's] claims."[16] While Plaintiff opposes this motion on substantive grounds,[17] he also requests "an order staying a decision on the defendant's motion to dismiss" to allow for jurisdictional discovery.[18]

---

[12] *Cadwalder v. United States*, 45 F.3d 297, 302 (9th Cir. 1995) (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)); *see also Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (explaining that the "claim requirement of section 2675 is jurisdictional in nature and may not be waived").

[13] *See* Docket 8 at 3 ("On March 20, 2020, [Mr. Mendenhall] filed a separate administrative claim with the Federal Department of Health and Human Services seeking compensation for ANMC's failure to supervise Mr. Ireton."); Docket 7-1 at 1 (claim form dated March 6, 2020).

[14] *See* Docket 7 at 4; Docket 8 at 5–6.

[15] *See generally* Docket 7.

[16] Docket 7 at 1–2.

[17] *See generally* Docket 8.

[18] Docket 9 at 1–2.

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 4 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 4 of 11

Defendant's arguments for dismissal rely on the FTCA's application to this case. The FTCA only applies to claims based on the conduct of a federal employee "acting within the scope of his office or employment."[19] Accordingly, whether Mr. Ireton was acting within the scope of employment at the time of the conduct alleged in the Complaint is a potentially dispositive question bearing on the Court's jurisdiction.

"FTCA scope of employment determinations are made 'according to the principles of *respondeat superior* of the state in which the alleged tort occurred.'"[20] Under Alaska law, "[t]he scope of employment is a fact specific inquiry for the jury unless the facts are undisputed or lend themselves to only one conclusion."[21] Relevant factors include whether the employee "(1) performs the kind of work the employee was hired to perform, (2) acts within the employer's 'authorized time and space limits,' and (3) acts in order to further the employer's interests."[22] The Alaska

---

[19] 28 U.S.C. § 1346(b).

[20] *Wilson*, 87 F.3d at 1076 (quoting *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 876 (9th Cir. 1992)).

[21] *Lane v. City of Juneau*, 421 P.3d 83, 94 (Alaska 2018) (quoting *Ondrusek v. Murphy*, 120 P.3d 1053, 1057 (Alaska 2005)).

[22] *Id.* at 95 (quoting *Williams v. Alyseka Pipeline Serv. Co.*, 650 P.2d 343, 349 n.10 (Alaska 1982)). The Alaska Supreme Court has recognized that these factors, which are provided by the Second Restatement of Agency, are relevant to the scope-of-employment inquiry, but "rejected the Second Restatement's view that each of the . . . factors must be satisfied prerequisite to recovery," holding instead that the factors "should be weighed by the fact-finder in each case." *Id.* at n.73 (quoting *Doe v. Samaritan Counseling Ctr.*, 791 P.2d 344, 347 (Alaska 1990)).

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 5 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 5 of 11

Supreme Court has "noted that even crimes and intentional torts may be within the scope of employment if they serve the employer's interests[.]"[23]

Defendant contends that the Court need look no further than the allegations in the Complaint and the U.S. Attorney's certification to determine that the challenged conduct fell within Mr. Ireton's scope of employment.[24] In FTCA cases, "[c]ertification by the [U.S. Attorney] is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged."[25] And "[t]he party seeking review bears the burden of presenting evidence and disproving the . . . certification by a preponderance of the evidence."[26]

Plaintiff challenges the U.S. Attorney's certification and "maintains that he should be allowed to conduct discovery" regarding Mr. Ireton's employment and the incident in question.[27] Plaintiff contends that "[d]ismissal . . . without granting [him] the opportunity to gather evidence through disclosures or discovery in order to disprove [the certification]" would be "premature."[28] Plaintiff specifically requests

---

[23] *Id.* at 94–95.

[24] Docket 7 at 6–7.

[25] *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).

[26] *Id.*

[27] Docket 9 at 2; Docket 8 at 6–8.

[28] Docket 8 at 8.

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 6 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 6 of 11

the ability to "depos[e] [Mr.] Ireton and witnesses, review[] the job duties of an ANMC security guard, and/or depos[e] ANMC to determine scope of duties[.]"[29]

Although not titled as such, the Court construes Plaintiff's motion to be one for jurisdictional discovery. A request for jurisdictional discovery "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"[30] The Court "has broad discretion to permit or deny discovery,"[31] and "[i]t is clear that a court may allow discovery to aid in determining whether it has . . . subject matter jurisdiction."[32]

Defendant maintains that Plaintiff's request is "nebulous . . . and deprive[s] Defendant an opportunity to address the merits of any specific relief that he might be seeking."[33] Defendant faults Plaintiff for not "submitting a required proposed order describing the type of discovery that he wants the Court to allow or setting forth any timeframes for such discovery."[34] Defendant also contends that "Plaintiff

---

[29] Docket 8 at 8; *see also* Docket 9 at 2 (seeking deposition of Mr. Ireton); Docket 12 at 4.

[30] *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

[31] *Id.*

[32] *Wilson v. Alaska Native Tribal Health Consortium*, 399 F. Supp. 3d 939 (D. Alaska 2019) (omission in original) (quoting *Alaska Logistics, LLC v. Newtok Vill. Council*, 357 F. Supp. 3d 916, 924 (D. Alaska 2019)).

[33] Docket 10 at 11.

[34] Docket 10 at 11 (citing D. Ak. L. Civ. R. 7.1(b)(2)).

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 7 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 7 of 11

has not identified a colorable basis to support imposing the burden of jurisdictional discovery on the United States."[35]

Although Plaintiff did not submit a proposed order with his motion,[36] he has adequately described the type of discovery he seeks and has proposed a timeframe. In his reply to Defendant's opposition to the stay motion, Plaintiff clarifies that he is requesting

> depositions of Mr. Ireton and ANMC management on the duties of ANMC security guards, a review of the job description and duties of ANMC security guards, a review of any training manuals dealing with the use of force, if so authorized, and production of a video or audio of the incident.[37]

Plaintiff asserts that this discovery is necessary to determine "whether Ireton was authorized to use force, and to what extent, and . . . provide [Plaintiff] with the information necessary to rebut the U.S. Attorney's certification that Ireton was acting within the scope of his employment."[38] Plaintiff states that "[t]he period needed for discovery would be three to four months."[39]

Plaintiff is entitled to challenge the U.S. Attorney's certification and has identified discovery that may allow him to show by a preponderance of the

---

[35] Docket 10 at 13.

[36] *See* D. Ak. L. Civ. R. 7.1(b)(2) (requiring a proposed order to be "lodged with all non-dispositive motions and oppositions to the motion.").

[37] Docket 12 at 4.

[38] Docket 12 at 4.

[39] Docket 12 at 6–7; *see also* Docket 9 at 2 ("A stay until the end of October 2020 is requested.").

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 8 of 11
Case 3:20-cv-00156-SLG Document 13 Filed 09/01/20 Page 8 of 11

evidence that Mr. Ireton was not acting within the scope of his employment at the time of the incident underlying the Complaint. This is a fact-intensive inquiry under Alaska law and is central to the question of the Court's jurisdiction. The Court therefore concludes that jurisdictional discovery is appropriate and could aid in the determination of Defendant's motion to dismiss for lack of jurisdiction.[40]

However, the Court agrees with Defendant that discovery must be narrowly tailored to the questions of whether Mr. Ireton was acting within the scope of his employment and whether Mr. Ireton, as an ANMC security guard, had any federal law enforcement powers.[41] The Court also agrees with Defendant that jurisdictional discovery should not begin "until after Plaintiff has administratively exhausted his FTCA claim."[42] Defendant asks the Court to "clearly describe and circumscribe the discovery that Plaintiff is allowed to seek."[43] However, the Court declines to do so at this time, in light of its decision to stay the initiation of the discovery period pending resolution of Plaintiff's administrative claim. The Court

---

[40] The Court notes that Plaintiff is incorrect in his assertion that if this Court determines that Mr. Ireton was acting outside the scope of his employment, the matter would be remanded to the state court. Instead, the matter would remain in federal court and proceed against Mr. Ireton in his personal capacity. *See Osborn v. Haley*, 549 U.S. 225, 242 (2007).

[41] *See* Docket 10 at 15. Plaintiff contends that he may have a cognizable claim under the FTCA even if Mr. Ireton was acting within the scope of his employment, provided that Mr. Ireton was an "investigative or law enforcement officer." Docket 8 at 11; *see* 28 U.S.C. § 2680(h) (providing cause of action for certain intentional torts committed by "investigative or law enforcement officers of the United States Government"). For purposes of the FTCA, "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

[42] Docket 10 at 15.

[43] Docket 10 at 15.

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 9 of 11
Case 3:20-cv-00156-SLG Document 13 Filed 09/01/20 Page 9 of 11

will resolve any disputes regarding the scope of discovery once Plaintiff has exhausted his administrative remedy and the parties have met and conferred on the issue.[44]

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Stay Decision on Defendant's Motion to Dismiss at Docket 9 is GRANTED as set forth herein. It is hereby ORDERED that limited jurisdictional discovery may be conducted on the questions of whether Mr. Ireton was acting within the scope of his employment and whether he was an investigative or law enforcement officer within the meaning of the FTCA, 28 U.S.C. § 2680(h).

It is further ORDERED that no such discovery shall begin before the conclusion of Plaintiff's administrative claim before DHHS. Within seven days of either DHHS' final disposition of the claim or the closure of the agency's six-month window for review,[45] whichever is sooner, the parties shall meet and confer regarding the scope of jurisdictional discovery. **No later than seven days** after they meet and confer, the parties shall, jointly or severally, file a status report, not to exceed five pages, that identifies the discovery to be conducted, the timeframe for such discovery, and any issues requiring resolution by this Court. The Court

---

[44] The Court also declines to address any portion of Defendant's motion to dismiss until after jurisdictional discovery has occurred.

[45] *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.").

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 10 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 10 of 11

expects all jurisdictional discovery to be completed within no more than a 90-day period commencing from the date the status report is filed.  Plaintiff may file a supplemental opposition to the motion to dismiss within **14 days** after the close of jurisdictional discovery, to which Defendant may file a supplemental reply within **7 days thereafter**, at which time the stay on the determination of the motion shall be lifted.

DATED this 1st day of September, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00156-SLG, *Mendenhall v. United States*
Order Imposing Stay and Granting Request for Jurisdictional Discovery
Page 11 of 11
Case 3:20-cv-00156-SLG   Document 13   Filed 09/01/20   Page 11 of 11